ORIGINAL

FILED
OCT - 3 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAL D. HICKS, f/d/b/a HAL D. HICKS MAIL TRANSPORTATION, | ) | |
| PLAINTIFF, | ) | |
| v. | ) | No. 05-1058C |
| THE UNITED STATES, | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Hal D. Hicks, f/d/b/a Hal D. Hicks Mail Transportation ("Hicks"), by and through his undersigned counsel, and for his Complaint, states as follows:

## JURISDICTION AND VENUE

Jurisdiction and venue in this court is predicated upon 41 U.S.C. § 609(a)(1) in that jurisdiction and venue is based upon a decision made by a contracting officer for a Highway Mail Contract, which was between the United States Postal Service and Hicks. The subject contract (Contract 14024) was transferred and/or novated out of Hicks' name and into the name of Midwest Transport, Inc. wrongfully and without the named contractor's (Hicks) approval.

## BACKGROUND FACTS

1. Since the mid-1970s, Mr. Hicks has been a contractor with the United States Postal Service ("USPS"). More specifically, Mr. Hicks has contracted with the USPS through a d/b/a Hal D. Hicks Mail Transportation for over-the-road highway mail contracts.

2. In 1990, Hicks was the successful bidder on HCR 14024 ("Contract 14024").

3. The permanent mail contract 14024 was renewed every four years since that period of time with Hicks. The annual revenues on Contract 14024 are well in excess of

$2,000,000.00. On February 24, 2004, the USPS effectively transferred and/or novated Contract 14024 from Hicks' name into Midwest Transport, Inc.'s name. See Contract Route Service Order, attached hereto as Exhibit A.

4. Hicks did not authorize or approve a transfer of Contract 14024.

5. Hicks did not authorize or approve a novation of Contract 14024.

6. Hicks sent a certified claim to the Contracting Officer on July 15, 2005. See July 15, 2005 letter, attached hereto as Exhibit B.

7. The United States Postal Service, through its Contracting Officer, denied Mr. Hicks' certified claim on September 8, 2005. See September 8, 2005 letter, attached hereto as Exhibit C.

**COUNT I-BREACH OF CONTRACT**

8. Plaintiff realleges paragraphs 1 through 7, as if they were fully alleged herein Count I.

9. The USPS continually renewed Contract 14024 with Hicks since 1990.

10. As the named contractor under Contract 14024, Hicks is entitled to all rights granted to the named contractor under the contract, and under the laws and rules underlying such contracts.

11. The USPS breached Contract 14024 with Hicks when it unilaterally transferred and/or novated the contract out of Hicks' name and into Midwest Transport, Inc.'s name.

12. The USPS knew Hicks was the named contractor for Contract 14024, but wrongfully executed a contract service order on February 24, 2004 that effectively transferred and/or novated Contract 14024. See Contract Route Service Order, attached hereto as Exhibit A.

13. Since Contract 14024 had been in existence since 1990, the contract enjoyed net profits well in excess of 10% of the gross revenues received per annum.

14. As a direct and proximate result of the USPS' breaches, Hicks has suffered damages.

WHEREFORE, Hal D. Hicks, f/d/b/a Hal D. Hicks Mail Transportation, respectfully prays that this court enter judgment in his favor for breach of contract against United States for all the damages incurred as a result of the United States Postal Service's breach of Highway Mail Contract 14024, and that this court order the United States Postal Service to reinstate Highway Mail Contract 14024 to Hicks or require further damages for future losses, and for any other relief this court deems just and proper.

THEIL LAW FIRM

By:______________________
John F. Theil #109820
One City Centre, Suite 1500
St. Louis, Mo 63101
314-446-4278
314-241-7604 (fax)
Attorney for Plaintiff

# Contract Route Service Order

HQ:TMS:tms

OLD: $1,797,072.13

NEW: $No Change

3. Payment Method: PER Annum

7. Latest Change Date: 12/04/2003

| 1. Contract No. | 5. Begin Contract Term | 6. End Contract Term |
|---|---|---|
| 14024 | 7/1/2003 | 6/30/2007 |

8. For Mail Service In or Between — City & State: Various — City & State: Various

9. Name: Hal D. Hicks Mail Transportation

10. Address (Street, City, State, Zip+4): PO Box 98, Sumner IL 62466-0098

11. This Space for Postal Data Use Only

COL 80 (4) Change

12. The following Order Is Hereby Issued

The Postal Service has approved a novation agreement, effective December 4, 2003, for this contract from Hal D Hicks Mail Transportation to Midwest Transport, Inc., dba Midwest Transport of Illinois, the new address is: PO Box 151, Mt. Carmel IL 62863-0151, the new EIN is: 71-0930845.

"THIS IS A TRUE COPY OF THE ORDER BEARING THIS CERTIFICATION."

SIGNED: [signature]

DATE: 2/24/04

[signature]

13. Title of Contracting Officer: Russell A. Sykes, Manager, Surface Transportation CMC

14. Address of Contracting Officer: USPS National Mail Transportation Purchasing, 475 L'Enfant Plaza SW, Washington, DC 20260-5210

| 16a. Date Ordered | b. Order No. | c. Route Order No. | d. Budget Acct. No. | e. Finance No. |
|---|---|---|---|---|
| February 24, 2004 | 200-009-04 | 0 | No Change | No Change |

PS Form 7440, November 1990

EXHIBIT A

THEIL LAW FIRM

LICENSED IN MISSOURI & ILLINOIS

ONE CITY CENTRE, SUITE 1500
ST. LOUIS, MISSOURI 63101
PHONE 314.446.4278
FAX 314.241.7604

JOHN F. THEIL, ESQ.
johntheil@charter.net

July 15, 2005

**VIA FACSIMILE**
**202-268-4313 AND**
**CERTIFIED MAIL**

Mr. Russell A. Sykes
Manager, Surface Transportation CMC
475 L'Enfant Plaza SW
Washington, DC 20260-6210

In re: **NOTICE OF CLAIM BY HAL D. HICKS**

Dear Mr. Sykes:

I am writing this letter on behalf of Hal D. Hicks. This letter shall serve as Mr. Hicks' formal presentation of his CDA claim to the United States Postal Service. This letter is served upon the United States Postal Service's Contracting Officer pursuant to the Contract Disputes Act and 41 U.S.C. §605(a). Mr. Hicks is seeking a final decision regarding the claim/s presented herein.

Mr. Hicks hereby asserts that he has a contract dispute and/or claim against the United States Postal Service and its employees and/or agents for the willful and malicious transfer/novation of Highway Mail Contract 14024 to Midwest Transport, Inc, which in turn resulted in the wrongful termination of Mr. Hicks' contract.

Since 1990, when Contract 14024 was initially bid on, Hal D. Hicks, d/b/a Hal D. Hicks Mail Transportation, was the supplier/contractor on said contract. Since its inception, Contract 14024 was continuously renewed every 4 years. The last renewal of this Contract, in Mr. Hicks' name, was in June of 2003, and it was renewed for another 4 years. This contract grossed approximately 2.5 million dollars in revenue each year.

Mr. Hicks has always claimed his interest as a contractor and/or supplier on Highway Mail Contract 14024. The United States Postal Service was on notice that Mr. Hicks was the contractor/supplier on Highway Mail Contract 14024. It was improper for the United States Postal Service to transfer and/or novate Contract 14024 to Midwest Transport, Inc. Moreover, the United States Postal Service intentionally and maliciously novated Contract 14024, without Mr. Hicks' consent and to Mr. Hicks' detriment. The United States Postal Service willfully and maliciously took said actions knowing they would result in harm/damage to Mr. Hicks.

EXHIBIT
B

As the supplier/contractor of 14024, Mr. Hicks should have been a party to any novation agreement. The wrongful novation of Contract 14024 was in effect an improper termination of the contract and of Mr. Hicks' rights and benefits under the contract. Mr. Hicks was not properly made a party to the novation or transfer of Contract 14024 to Midwest Transport, Inc. Further, Mr. Hicks did not approve a transfer or novation of contract 14024, nor was Mr. Hicks compensated for the transfer or novation of Contract 14024. Prior to the novation, the United States Postal Service was put on notice of Mr. Hicks' position with regard to Contract 14024. The novation effectively transferred contract 14024 to Midwest Transport retroactively to April 18, 2003. April 18, 2003 constitutes the backdated sale date of Midwest Transit, Inc.'s working assets to Midwest Transport, Inc. And the amended sale agreement, which was the foundation for the improper sale, was not approved by any court. The United States Postal Service did not properly verify the authenticity or legal effect of the sales documents underlying the wrongful novation.

Mr. Hicks is claiming damages for the above-mentioned actions and/or inactions to include but not limited to lost revenues and/or profits from the loss of Highway Mail Contract 14024. Further, Mr. Hicks is claiming damages for loss of business opportunity.

Mr. Hicks' damages also include all other losses incurred by him as a result of the wrongful transfer and/or novation of Highway Mail Contract 14024 to Midwest Transport, Inc. by the United States Postal Service, such as set up costs of the mail route, all associated compensatory damages, consequential damages, as well as restitution. Mr. Hicks also seeks reinstatement of contract 14024 into his name, or for loss of future revenues and/or profits. The damages resulting from the improper transfer/novation of Contract 14024 are estimated at $10,000,000.00.

Again, this letter is sent in an attempt to obtain a final decision from the Contracting Officer over Contract 14024 and/or from the Contracting Officer who signed off on (or who's name was signed for by Terri San Luis) the improper transfer and/or novation of Contract 14024. See Contract Route Service Orders dated January 14, 2004 and February 24, 2005. Again, this letter is sent pursuant to the Contract Disputes Act and 41 U.S.C. §605(a).

If you have any questions or concerns regarding this correspondence, do not hesitate to contact me at your convenience.

Very truly yours,

John F. Theil

JFT/js
cc: Hal D. Hicks
Joseph Arsenault
(via certified mail)

Encl. (Certification)

SUPPLY MANAGEMENT

UNITED STATES POSTAL SERVICE

REMINDER DATE
DUE DATE
SEP 12 2005
INITIALS CERTIFIED MAIL
7099 3400 0009 5115 7808

September 8, 2005

John R. Theil, Esq.
Theil Law Firm
One City Centre, Suite 1500
St. Louis, MO 63101-1896

Re: Certified Claim for Improper Novation of HCR Contract 14024

Dear Mr. Theil:

We have received your certified claim, dated July 15, 2005, and filed on behalf of Hal Hicks. You request $10 million in damages due to the allegedly improper novation by the Postal Service of Highway Contract Route (HCR) 14024 held by Hal Hicks Mail Transportation and novated over to Midwest Transport, Inc., on December 4, 2003.

We must deny your claim. First, it was the Postal Service's understanding, from reading the Illinois State court pleadings concerning the receivership of Midwest Transit, that HCR 14024, bid using Midwest Transit resources, was being operated by Midwest Transit, using its assets and so therefore belonged to Midwest Transit. Second, when Midwest Transit applied to the Postal Service for novation of its contracts, which numbered over thirty contracts, it listed HCR 14024 as one of its own to be novated. Third and more importantly, we are aware that Mr. Hicks has sued Midwest Transport in the Southern District of Illinois about this same matter – the improper novation of HCR 14024 from Hal Hicks to Midwest Transport, in Case No. 2004-CV-4263-JPG. We note that on May 16, 2005, the district court judge denied Midwest Transport's motion to dismiss or stay the case.

Since a federal court is currently adjudicating the exact issue raised here – whether Hal Hick's contract was improperly novated to Midwest Transport - we believe it would be most expedient use of judicial resources to await that court's decision on this matter which would then be *res-judicata* to this claim.

This is a final decision of the contracting officer pursuant to the Contract Disputes Act of 1978 and the clause of your contract entitled Claims and Disputes. You may appeal this decision to the Postal Service Board of Contract Appeals by mailing or otherwise furnishing written notice (preferably in triplicate) to the contracting officer within 90 days from the date you receive this decision. The notice should identify the contract by number, reference this decision, and indicate that an appeal is intended. Alternatively, you may bring an action directly in the United States Court of Federal Claims within 12 months from the date you receive this decision

Sincerely,

Royale Ledbetter

Royale Ledbetter
Purchasing and Supply Management Specialist

cc: Karren Vance, Esq.

EXHIBIT
C

475 L Enfant Plaza SW
Washington DC 20260
www.usps.com