# In The United States Court of Federal Claims

No. 05-1058C

(Filed: November 1, 2005)

HAL D. HICKS, f/d/b/a HAL D. HICKS MAIL TRANSPORTATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## SPECIAL PROCEDURES ORDER

The parties are advised that all references in this order to the Rules of the United States Court of Federal Claims (RCFC) are local rules of this court, effective May 1, 2002. Therefore, and pursuant to RCFC 1, 16, and 83(b), as well as Appendix A, it is ordered that each party shall comply with the following procedures:

**(1) Pretrial Rules**.

Counsel shall familiarize themselves with the Rules of the United States Court of Federal Claims governing pretrial procedure, particularly RCFC 5-7 (subparts inclusive), 11, 16, and 26, and Appendix A, in order to ensure full and timely compliance with applicable deadlines, filing procedures, and other requirements. Note that the CFC rules, though designed to closely track the Federal Rules of Civil Procedure, are not identical to those rules. The parties shall also familiarize themselves with the court's procedures concerning electronic filing, including General Order No. 42(A), as hereinafter amended.

**(2) Communications with the Court**.

Unless invited or otherwise ordered by the court, communications with these chambers shall be by formal motion or other formal submission, filed with the clerk's office or in open court. In particular, letters will not be accepted in lieu of motions without prior authorization. Notwithstanding this provision, counsel may, at any time, jointly request a conference with the judge to discuss a dispute or other pending matter. Scheduling needs or questions should be

directed to Sak Im at (202) 357-6492. Questions regarding CFC filing requirements and other standard court procedures should be directed to the clerk's office at (202) 357-6400. Questions regarding the Case Management/Electronic's Case Filing (CM/ECF) system should be directed to the CM/ECF help desk at a toll free number at 866-784-6273 or at (202) 357-6402.

**(3) Enlargements of Time; Page Limits**.

(a) **Enlargements**. The court intends to follow strictly any schedule established in the case and to apply strictly the rules regarding requests for enlargements of time. Requests for enlargement should be filed as early as possible, generally at least five business days in advance. Because there is sometimes delay in transmission of a motion from the clerk's office to the chambers, requests for enlargement, if not sent at least five business days in advance, should be transmitted by facsimile to chambers in addition to being filed formally. See paragraph 5 of this Order.

The burden of establishing grounds for an enlargement is on the movant and motions are not granted automatically. Each request for an enlargement must specify the grounds. See RCFC 6.1. Requests for enlargement filed out of time are highly disfavored and will be granted only where a specific allegation of excusable neglect is substantiated. See RCFC 6(b). In addition, motions for enlargement filed out of time must contain a certification that:

(i) in the case of a motion filed by counsel for the plaintiff, the client has been notified that the motion for enlargement is being filed out of time; or

(ii) in the case of a motion filed by counsel for the defendant, the supervising Deputy Assistant Attorney General at the Department of Justice has been notified that the motion for enlargement is being filed out of time.

In granting enlargements, the court may order that any further requests for enlargement be signed by both the attorneys of record and the party (or in the case of the defendant, the supervising Deputy Assistant Attorney General at the Department of Justice).

(b) **Page Limits**. Briefs and memoranda in support of motions are limited in length as set forth in RCFC 5.2. Leave of court is necessary to exceed these page limits. RCFC 5.2. When requesting leave of court to exceed the page limit, counsel must specify the number of additional pages required.

**(4) Professional Conduct.**

At all times during this proceeding, counsels' conduct should be characterized by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling their duty to represent their clients vigorously as lawyers, counsel should be mindful of their

obligations to the administration of justice. Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently. Such conduct will not be tolerated and may result in sanctions being imposed. See, e.g., RCFC 37.

**(5) Video-Conferencing, Electronic Courtroom and Court Website.**

Both video-conferencing and an electronic courtroom are available at the courthouse in Washington, D.C. The court is amenable to the use of these state-of-the-art facilities not only for trials with a venue in Washington, D.C., but also for status conferences and oral arguments. The scheduling of these facilities should be coordinated with Sak Im at (202) 357-6492. Technical questions concerning the court's video-conferencing equipment and the capacities of the electronic courtroom should be directed to the clerk's office at (202) 357-6400. Other helpful information about the court, including a copy of the court's local rules, may be found at **www.uscfc.uscourts.gov**.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge