**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HAL D. HICKS, f/d/b/a/ HAL D. HICKS MAIL TRANSPORTATION, | ) | |
| Plaintiff, | ) | No. 05-1058C (Judge Allegra) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RESCHEDULE PLAINTIFF'S DEPOSITION AND DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE FACT DISCOVERY**

Pursuant to Rules 6.1 and 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response to plaintiff's motion to reschedule plaintiff's deposition, which plaintiff refers to as a "motion to quash". Defendant also replies to plaintiff's response to our request for an enlargement of time, until November 30, 2006, for the parties to complete fact discovery. As set forth below, we have no objection to rescheduling plaintiff's deposition. However, notwithstanding plaintiff's response, an enlargement of time until November 30 still is necessary.[1]

[1] "Pl. Resp. __" refers to plaintiff's response to our enlargement motion. "Pl. Mot. __" refers to plaintiff's motion to reschedule plaintiff's deposition. References are to page and paragraph numbers.

**Proposed Enlargement of Time**

Mr. Hicks objects to the proposed enlargement upon the ground, among others, that this case was filed in October 2005. However, this matter was not assigned to undersigned counsel of record until at least April 21, 2006, approximately three-weeks after the parties' filed their joint preliminary status report proposing August 24, 2006 as the fact discovery cutoff.

The parties' initial discovery schedule was very ambitious, especially given the fact that prior counsel of record for the Government subsequently left our office. Given that this case involves difficult issues, and that undersigned counsel was not involved in this case at the time the parties agreed to the August 24, 2006 discovery deadline, the relatively brief enlargement of the discovery schedule that we have requested is reasonable.

This is especially so given that Mr. Hicks is involved in numerous other matters, including: United States v. Hicks, 05-cv-4189 (S.D. Ill.); Hicks v. Midwest Transport, Inc., 04-cv-4263 (S.D. Ill.); Hicks v. United States Postal Service Office of Inspector General, 06-cv-360 (M.D. Fl.); Witters v. Hicks, 780 N.E.2d 713 (Ill. App. Ct. 2002); Witters v. Hicks, 790 N.E.2d 5 (Ill. App. Ct. 2003); United States v. Hicks, 05-cr-40023 (S.D. Ill.); and Hicks v. Hicks, 05-30696 (Fla. Cir. Ct.). Indeed, in his motion to reschedule his deposition, Mr. Hicks indicates that

he has a deposition in an unnamed case on August 22, 2006. We will need to explore the above matters during discovery because they may have a bearing upon Mr. Hicks's claims and the Government's defenses.

In addition, this is a difficult case involving an allegation that a contract was wrongfully novated. Relevant to its outcome is, among other things, the legal effect of a state court decision putting Hicks's former company in receivership. We must explore, among other issues, whether certain individuals had the authority to act upon behalf of Mr. Hicks; whether the entity named in the contract performed the contract; and whether Mr. Hicks made statements in other litigations that are inconsistent with his allegations before this Court. Given the complexity of those issues, an enlargement of the fact discovery deadline is appropriate.

Finally, the Government anticipates conducting discovery upon an expedited basis if the Court grants our request for an enlargement. Our written requests for documents and interrogatories, in which we attempted to focus as narrowly as possible upon the relevant issues, have been forwarded to plaintiff's counsel so as to not delay matters if the Court grants our motion for an enlargement of time. Once we receive responses, we will be in a position to conduct Mr. Hicks's

deposition, and any other depositions that may be required, and mutually convenient times.

**Plaintiff's Motion To Reschedule His Deposition**

With respect to Mr. Hicks's motion to reschedule his deposition, Mr. Hicks has indicated that he is being deposed in an unnamed case on August 22, 2006, the date for which his deposition in this case was noticed. Pl. Mot. 1 ¶ 3-4. He also asserts that we made no attempt to coordinate mutually convenient dates or times for the deposition. Pl. Mot 1, ¶ 2. He requests that the Court order counsel to reschedule his deposition to a mutually-convenient date.

First, Mr. Hicks's request that the Court reschedule the deposition for a mutually-convenient date is unnecessary. The Government is more than willing to reschedule Mr. Hicks's deposition and, indeed, must do so, given Mr. Hicks's scheduling conflict and unavailability.

Second, prior to requesting an enlargement of time to complete fact discovery, undersigned counsel of record attempted, more than once, to reach Mr. Hicks's counsel to ascertain whether he would consent to our motion. Unfortunately, Mr. Hicks's counsel did not return undersigned counsel's telephone calls to discuss our proposed motion. Had he done so, we would have raised the issue of Mr. Hicks's deposition and the parties could have picked a mutually-convenient date, assuming that they were

able to agree upon a new discovery deadline. Therefore, Mr. Hicks's assertion that Government counsel made no attempt to coordinate mutually convenient dates for his deposition is unfounded and should be rejected out of hand.

Third, Mr. Hicks's motion is defective because it does not include a certification that his counsel conferred in good faith or attempted to confer with the Government to resolve the issue of when his deposition would be conducted. RCFC 26(c).

## CONCLUSION

For the foregoing reasons, defendant, the United States, respectfully requests that this Court grant the Government an enlargement of time, through and including November 30, 2006, for the parties to complete fact discovery; that the Court deny plaintiff's motion to reschedule Mr. Hicks's deposition as unnecessary and premature; and that the Court direct the parties to resolve the deposition scheduling issue between themselves.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/Brian M. Simkin***

BRIAN M. SIMKIN
Assistant Director

***s/Richard P. Schroeder***

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

August 22, 2006

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 22nd day of August 2006, a copy of the foregoing “DEFENDANT’S MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE FACT DISCOVERY” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/Richard P. Schroeder