**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HAL D. HICKS, f/d/b/a HAL D. HICKS MAIL TRANSPORTATION,** | ) | **Fed. Cl. No. 05-1058C** |
| **Plaintiff** | ) | **(Judge Allegra)** |
| **v.** | ) | |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**MIDWEST TRANSPORT INC.'S UNOPPOSED MOTION TO INTERVENE**

Pursuant to RCFC 24, Midwest Transport, Inc. ("Midwest Transport") hereby moves to intervene in this matter, either as a matter of right or by permission.[1] Plaintiff alleges that Defendant, United States Postal Service (USPS), breached Contract 14024 with Plaintiff, Hal D. Hicks, when the USPS transferred or novated that contract to Midwest Transport, Inc. See Complaint (filed October 3, 2005) ¶ 11, at 2. According to the Complaint, Plaintiff seeks damages from the Postal Service arising from the alleged improper novation or transfer. Plaintiff has also filed a complaint against Midwest Transport, Inc. in the United States District Court for the Southern District of Illinois alleging the same facts and issues and seeking damages from Midwest Transport. Accordingly, the decisions in the two courts are interrelated and a decision in one may impact the liability of Midwest Transport in the other. Moreover, a decision in this

[1] Midwest Transport's memorandum of law is contained within this motion. In accordance with RCFC 24(c), this motion is accompanied by Midwest Transport's Answer to Plaintiff's Complaint in this action, which is filed separately.

court may impact Midwest Transport's contractual rights. Accordingly, Midwest Transport has an interest in the transaction at issue in these proceedings and should be allowed to intervene to protect those interests. Counsel for Midwest Transport has discussed this motion with Plaintiff's counsel and Defendant's counsel and neither of them object to Midwest's intervention in the case.

## I. BACKGROUND FACTS.

### A. United States Court of Federal Claims Proceedings.

On February 25, 2005, Hicks (d/b/a Hal D. Hicks Mail Transportation) filed a complaint in the Court of Federal Claims against the United States, acting through the United States Postal Service. The case was captioned Fed. Cl. No. 05-251C. In the complaint, Hicks alleged that the USPS breached its contract for route 14204 by either novating it to Midwest Transport or by wrongfully executing a Contract Route Service Order that transferred the contract to Midwest Transport. Hicks agreed to dismiss that complaint without prejudice on July 18, 2005.

In July 2005, Hicks submitted a claim to the contracting officer on Contract 14024, which was denied on September 8, 2005.

On October 3, 2005, Hicks filed the instant action against the United States, acting by and through the USPS. Plaintiff alleges that the Postal Service breached the contract for route 14024 when it transferred or novated the route to Midwest Transport, Inc. in February 2004 by a Contract Route Service Order. Plaintiff seeks breach of contract damages from the United States Postal Service and that the "court order the United States Postal Service to reinstate Highway Mail Contract 14024 to Hicks." Complaint at 3.

The docket sheet shows that both parties have asked the Court for an extension of the discovery deadlines for third party discovery. On November 7, 2006, Hicks filed a status report

with the court stating that it will request that the court issue third party subpoenas to Midwest Transport. See COFC Docket Entry No. 25. Granting Midwest Transport's motion to intervene in this action would obviate the need for third party subpoenas.

**B. United States District Court Proceedings.**

On December 22, 2004, Hal D. Hicks filed a complaint against Midwest Transport in the United States District Court for the Southern District of Illinois. See Exhibit 1 (Docket Report for U.S. District Court, Southern District of Illinois, Case No. 04-cv-04263-GPM-PMF). Hicks amended the complaint in October 2006. Docket Report (Case No. 04-cv-04263-GPM-PMF), Entry 31. In the amended complaint, Hicks alleges that the transfer of route 14024 to Midwest Transport was improper and seeks relief under the theory that Midwest Transport unlawfully converted his contract. Exhibit 2, at 4. Hicks further alleges that the Postal Service "entered a Contract Route Service Order" on February 24, 2004 that effectively novated the route to Midwest Transport. The parties have conducted some discovery in the district court matter. Trial is set to occur in April 2007. Docket Report (Case No. 04-cv-04263-GPM-PMF), Entry 18.

On October 12, 2006, the district court advised the United States Postal Service might be added as a party to the lawsuit. Docket Report (Case No. 04-cv-04263-GPM-PMF), Entry 35. In addition, the district court noted that Mr. Hicks has been incarcerated. Id. And, the Court suggested that the trial date could be extended. Id.

## II. The Court Must Allow Midwest Transport, Inc. to Intervene in this Action As a Matter of Right.

Midwest's motion to intervene in this action should be granted pursuant to Rule 24(a), as it has an interest in the matter that will not be protected by the Plaintiff or Defendant. Rule 24(a) states:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Court is to "construe the rule's requirements in favor of intervention." Northrop Grumman Information Technology, Inc. v. United States, No. 06-601C, 2006 U.S. Claims LEXIS 336, *13 (Nov. 7, 2006) (citing cases). The court will grant the motion upon a showing that the intervenor has "(1) an interest subject to the action; (2) that the ability to protect the interest as a practical matter may be impaired; and (3) the interest is not adequately represented by the existing parties." Id. at *19. Midwest Transport meets this showing.

### A. Midwest Has an Interest Subject to this Action.

Based on the Complaint, Plaintiff alleges that the transfer of Contract 14024 by the Postal Service to Midwest Transport was improper. In addition to breach of contract and other damages from the Postal Service, Plaintiff seeks to have the Court order the contract reinstated to Hicks. Accordingly, Plaintiff has challenged the interest of Midwest Transport in the contract and contract proceeds. It is conceivable, therefore, that the Court's actions could impact the relative rights of Midwest Transport and Plaintiff in the Contract. For this reason, Midwest Transport has an interest sufficient to allow intervention.

An interest in contract rights or proceeds merits intervention. Pursuant to the Contract Settlement Act of 1944, 41 U.S.C. § 114(b), the Court can include a third party in the case to determine the right to contract proceeds. The Contract Settlement Act states:

> The [United States Court of Federal Claims], on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties in any suit or proceeding of any nature whatsoever pending in said court to assert and defend their interests, if any, in such suits or proceedings, within such period of time prior to judgment as the [United States Court of Federal Claims] shall prescribe.
>
> * * * *
>
> ….[The United States Court of Federal Claims] shall have jurisdiction to adjudicate, as between any and all adverse claimants, their respective several interests in any matter in suit and to award several judgments in accordance therewith.

41 U.S.C. § 114(b). Pursuant to the statute, the Court of Federal Claims has found that a third party may be included as a defendant in a Court of Federal Claims lawsuit to "assist the United States in the defense of the case, or it may offer additional evidence on its own behalf and advance such legal contentions as it deems appropriate in the protection of its interest." Lemelson v. United States, 8 Cl. Ct. 789, 791 (1985) (citations omitted). Accordingly, Midwest Transport should be allowed to intervene to assist in the defense of the claim.

Midwest Transport also has an interest in this action to the extent that Hicks seeks as damages contract proceeds received by Midwest Transport. While the Postal Service has not done so, it is conceivable that, if the court were to grant monetary relief to Plaintiff, the USPS could seek reimbursement from Midwest Transport. The court has jurisdiction over such "contingent claims" by the United States over third parties, that is, claims in which the Government has already paid money to the third party that is related to the subject matter of the dispute. See Christy Corp. v. United States, 387 F.2d 395, 397 (Ct. Cl. 1967); Bird v. United

States, 51 Fed. Cl. 536, 541 (2002) (explaining that the court would have jurisdiction where the Government sought to include a party to recover money already paid to the third party under the contract). For this reason, the court should allow Midwest Transport to intervene to protect its interests in its contract proceeds.

**B. Midwest Transport's Ability to Protect Its Interest May be Impaired as a Practical Matter by the Action Before This Court.**

The Court of Federal Claims has stated that, in order to meet the second prong of the intervention test, the potential intervenor must only claim that the "disposition of the action '*may* as a *practical matter*,' impair its ability to protect its interests." Northrop Grumman, 2006 U.S. Claims LEXIS 336, at *28 (emphasis in original). In this case, there can be no doubt that the disposition of this case "may" impair Midwest's interests. Plaintiff has requested that the Court order the Postal Service to reinstated its contract, effectively taking it away from Midwest Transport. Moreover, a decision in this case may impact the manner in which the district court decides the damages claims against Midwest Transport. Accordingly, Midwest's interests could be impaired "as a practical matter" depending on the outcome of this case.

**C. Midwest Transport's Interests Will Not Be Adequately Represented by the Parties.**

In order to meet the third prong of the test for intervention, the potential intervenor need only show that the "representation of its interest may be inadequate." Cherokee Nation of Okla. v. United States, 69 Fed. Cl. 148, 157 (2005). The burden is "minimal." Northrop Grumman, 2006 U.S. Claims LEXIS 336, at *34. Clearly, Plaintiff has no interest in protecting Midwest Transport's rights in its contract or contract proceeds. It seeks to take those rights and proceeds away. And, although the Postal Service will likely contend that its actions were proper, the Postal Service may not defend allegations relating to Midwest Transport as zealously as Midwest

Transport would. The Postal Service may have its own incentives to concede arguments or compromise its position in ways that would affect Midwest Transport's contractual interests. For these reasons, Midwest Transport must be allowed to intervene to ensure adequate representation of its interests.

**III. Alternatively, Midwest Should Be Permitted to Intervene Pursuant to RCFC 24(b).**

Pursuant to RCFC 24(b), the Court, in the alternative, should allow Midwest Transport to intervene as a matter of discretion. The court may allow intervention under RCFC 24(b) as long as the motion is timely and the intervenor shares a claim or defense in common with the present action. Honeywell Int'l Inc. v. United States, 71 Fed. Cl. 759, 762 (2006). In this case, Midwest Transport's motion is timely as it has been filed before the end of all discovery by the parties and before trial. As noted, because Plaintiff is seeking third party discovery from Midwest Transport, its intervention in the matter will likely make the proceedings more efficient. Moreover, Midwest Transport clearly shares defenses in common with the action.

**CONCLUSION**

For all of the reasons provided above, the Court should grant this motion and allow Midwest Transport to intervene in this action pursuant to Rule 24.

Respectfully Submitted,

s/David P. Hendel by s/J. Michael Littlejohn

David P. Hendel
Akerman Senterfitt Wickwire Gavin
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
Phone: (703) 790-8750
Fax: (703) 448-1801

*Of Counsel:*
J. Michael Littlejohn
Akerman Senterfitt Wickwire Gavin
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
Phone: (703)790-8750
Fax: (703)448-1801

John E. Hilton
Carmody, MacDonald, P.C.
120 S. Central Ave, Suite 1800
St. Louis, MO 63105
Phone: (314) 854-8600
Fax: (314)-854-8660

{TY000162;1}