IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *HAL D. HICKS,* | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| *MIDWEST TRANSPORT, INC., d/b/a* | ) | Cause No. 04-4263-GPM |
| *MIDWEST TRANSPORT OF ILLINOIS* | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, Hal D. Hicks ("Mr. Hicks"), by and through his undersigned counsel, and for his First Amended Complaint, states as follows:

**JURISDICTION**

Jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1332, in that diversity jurisdiction exists. Hal D. Hicks has been found by this court to be a citizen of Florida, and no facts have changed that would affect Mr. Hicks' citizenship. **Further, Midwest Transport, Inc. is a citizen of Illinois in that its principal place of business is located in Illinois, and it is a Citizen of Delaware as its state of incorporation is Delaware. Finally, the amount in controversy exceeds $75,000.00.**

**VENUE**

Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claim asserted herein occurred in **Lawrence, Jefferson and Crawford counties**, within the Southern District of Illinois.

## BACKGROUND FACTS

1. Since the mid-1970's, Mr. Hicks has operated United States Postal Service ("USPS") highway mail contracts in his personal name, or d/b/a Hal D. Hicks Mail Transportation.

2. In 1980, Mr. Hicks formed a corporation, Midwest Transit, Inc., which also contracted with the U.S.P.S. to haul U.S. mail under highway mail contracts.

3. Prior to and during the operation of Midwest Transit, Inc., Hal D. Hicks continued to operate U.S.P.S. highway mail contracts in his own personal name.

4. In 1990, Midwest Transit, Inc. had an unsatisfactory rating with the Department of Transportation ("DOT") and, thus, it was ineligible to bid on or be awarded any highway mail contracts from the USPS.

5. In 1990, Mr. Hicks, in his personal mail contracting business, bid on and was awarded a permanent highway mail contract. It was HCR No. 14024 (Buf-Pit).

6. Until just recently, the permanent mail contract 14024 was renewed by Mr. Hicks every 4 years.

7. Until just recently, the revenue for mail contract 14024 came via checks issued to Mr. Hicks' d/b/a Hal D. Hicks Mail Transportation.

8. The gross revenue received on highway mail contract 14024 is in excess of $1.8 million dollars per annum.

9. On July 25, 2001, Midwest Transit, Inc. was ordered into receivership by an Illinois state court. The same receiver was later appointed as a liquidating receiver.

10. In 2002, the receiver was ordered to sell the working assets of Midwest Transit, Inc.

11. The working assets of the trucking company would include the U.S.P.S. highway mail contracts that were in the name of Midwest Transit, Inc.

12. Immediately after appointment, the receiver appointed Ken Hohlbaugh as the Chief Operating Officer of Midwest Transit, Inc.

13. In the fall of 2002, Ken Hohlbaugh organized a group of individuals, mostly those employees appointed by the receiver, to submit a fire-sale offer to purchase the working assets of Midwest Transit, Inc. The companies formed by Mr. Hohlbaugh, et. al. to purchase Midwest's assets were Midwest Transport, Inc. and Midwest Transportation Services, Inc. ("MTI").

14. MTI offered to purchase the working assets of Midwest Transit, Inc. on April 18, 2003.

15. In order to effectuate the sale of Midwest Transit's assets both it and MTI would have to obtain the approval of the U.S.P.S. to transfer Midwest Transit's highway mail contracts into MTI's name.

16. It was not until December of 2003, however, that Midwest and MTI obtained the U.S.P.S's approval ("Novation") to novate Midwest's highway mail contracts into the name of MTI.

17. There are three parties to a Novation with the U.S.P.S.: (1) the U.S.P.S.; (2) the contractor[1]; and (3) the incoming contractor seeking a novation[2].

[1] Individual or entity that bid on and who was successfully awarded the particular contract. The contract is actually issued in the contractor's name.

[2] Individual or entity that seeks the U.S.P.S.'s approval to become the new contractor on said highway mail contract, with the caveat that it must operate the contract under the exact same terms as the prior contractor had agreed to operate it.

18. The Novation that MTI received in December did not effectively include highway mail contract 14024, because Mr. Hicks, the contractor on route 14024, was not a party to the Novation.

19. To apparently back date a Novation of the 14024 route out of Mr. Hicks' name and into MTI's name, the U.S.P.S. entered a Contract Route Service Order to this effect on February 24, 2004.

20. Mr. Hicks never authorized the Novation of his U.S.P.S. highway mail contract 14024.

21. Mr. Hicks was never compensated for the sale or transfer of his U.S.P.S. highway mail contract 14024.

**COUNT I-CONVERSION**

22. Plaintiff realleges all of Paragraphs 1 through 21, as if they were alleged herein Count I.

23. Midwest Transport, Inc. wrongfully assumed control, dominion, and/or ownership of Highway Mail Contract 14024, and the revenue generated therefrom.

24. Mr. Hicks has a right to Highway Mail Contract 14024, and the revenue generated therefrom.

25. Mr. Hicks has an absolute and unconditional right of immediate possession of Highway Mail Contract 14024, and the revenue and/or profits generated therefrom.

26. Demand has been made for the possession of the Highway Mail Contract 14024 and its associated revenue, but Midwest Transport, Inc. continues to exercise dominion and control over said property.

WHEREFORE, Hal D. Hicks, respectfully prays that this court enter judgment in his favor for conversion that Mr. Hicks be awarded all damages incurred to date, that a constructive trust be award Mr. Hicks for the reasonable profits made on Highway Mail Contract 14024, and that this court return Highway Mail Contact 14024 to Mr. Hicks' possession and control, and for any other relief this court deems just and proper.

THEIL LAW FIRM, L.L.C.

By: /s/John F. Theil

John F. Theil #109820
120 S. Central Ave., Suite 1550
St. Louis, MO 63105
314-725-1725
314-725-5754 (fax)
johntheil@johntheil.com

*Attorney for Plaintiff*

**Certificate of Service**

The undersigned certifies that a copy of the foregoing was electronically filed, this 2nd day of October, 2006, and electronically delivered to the following counsel of record:

Kelley F. Farrell
John E. Hilton
120 S. Central Ave., Suite 1800
St. Louis, MO 63105
314-854-8600
314-854-8660 (fax)

Attorney for Defendants

/s/John F. Theil