**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HAL D. HICKS, f/d/b/a/ HAL D. HICKS MAIL TRANSPORTATION, | ) | |
| Plaintiff, | ) | No. 05-1058C (Judge Allegra) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO MIDWEST**
**<u>TRANSPORT, INC.'S MOTION TO INTERVENE</u>**

Pursuant to this Court's order dated December 8, 2006, defendant, the United States, respectfully submits this response to the motion to intervene as a defendant filed by Midwest Transport, Inc. ("Midwest"). We do not oppose intervention in this matter. However, because the motion to intervene was filed shortly before the close of fact discovery, we believe that it would not be just to permit the intervention to delay further proceedings in this case, in particular the filing of summary judgment motions. The Court can minimize any such delay by limiting the time period for any further fact discovery.

**<u>BACKGROUND</u>**

The subject matter of this case is Postal Service Contract 14024 (the "2003 contract" or "contract"). Plaintiff, Hal D. Hicks, alleges that he was the successful bidder upon the 2003 contract. Comp. 1, ¶ 2.[1] Mr. Hicks claims that the Postal

[1] "Comp. __" refers to the complaint filed in this action. References are to page and/or paragraph numbers. Midwest

Service breached the contract “when it unilaterally transferred and/or novated the contract out of Hicks’s name into Midwest Transport, Inc.’s name,” and that he suffered unspecified damages as a result. Comp. 2-3, ¶¶ 11, 14. Mr. Hicks also requests that the Court order the Postal Service to “reinstate” the contract to him. Comp. 3.

Midwest seeks to intervene as a matter of right pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims (“RCFC”). Alternatively, Midwest asks that the Court exercise its discretion to allow Midwest to intervene. RCFC 24(b).

## I. <u>The Government Does Not Object To The Proposed Intervention</u>

In its motion, Midwest claims that it is entitled to intervene as a matter of right pursuant to RCFC 24(a), which states as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impeded the applicant’s ability to protect that interest, unless the applicant’s interest is adequately protected by the existing parties.

---

Transport’s motion to intervene is cited “Interv. Mot. __.” References are to page numbers.

The requirements of intervention are to be construed in favor of intervention. Am. Maritime Transp., Inc. v. United States, 870 F2d 1559, 1561 (Fed. Cir. 1989) (citing Westlands Water District v. United States, 700 F.2d 561, 563 (9th Cir. 1983)). However, intervention is proper to protect only interests that are "of such *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* operation and effect of the judgment." Id. (citations omitted; emphasis in original).

This is an unusual case. Mr. Hicks claims that the Government breached the contract by allegedly transferring or novating it to Midwest, and that the contract should be "reinstated" to him. Comp. 2-3, ¶¶ 11, 14. The contract at issue is not scheduled to expire until June 30, 2007. If this Court were to find in favor of Mr. Hicks, such a decision could have ramifications for Midwest. For instance, the Government might be precluded from obtaining additional services from Midwest under the contract. It also is possible that, if Mr. Hicks prevails, the Government will terminate Midwest's contract for convenience.

Thus, although such scenarios necessarily are speculative in nature because the issues have yet to be litigated, and although the Government believes that there is little chance that Mr. Hicks will prevail, Midwest's assertion that it has an interest

relating to the property or transaction that is the subject matter of this case appears to be well-grounded. See Interv. Mot. 4; RCFC 24(a)(2).[2]

In addition, if Mr. Hicks prevails, "the disposition of the action may as a practical matter impair or impede [Midwest's] ability to protect its interests." RCFC 24(a)(2). Midwest indicates that Mr. Hicks has a claim pending against it in the United States District Court for the Southern District of Illinois. Interv. Mot. 3. In that matter, Mr. Hicks apparently claims that the alleged transfer of the 2003 contract was improper and seeks relief against Midwest under an unlawful conversion theory. Id. If Mr. Hicks were to prevail in the present case, the district court might give credit to findings adverse to Midwest, particularly if the Federal Circuit were to affirm those findings. Klamath Irrigation District v. United States, 64 Fed. Cl. 328, 334 (2005).

Midwest claims that the present parties will not adequately protect Midwest's interest in this matter. The burden upon Midwest regarding this element of its intervention motion is minimal. Id. (citing Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10 (1972)). In response, the Government

---

[2] Midwest also claims that, if the Court were to grant monetary relief to Mr. Hicks, "it is conceivable" that the Postal Service could seek reimbursement from Midwest. We do not believe it would be prudent to speculate as to that issue.

states that it will continue to vigorously defend this lawsuit. As a general matter, we believe that the Government's interests and Midwest's interests generally coincide. However, if those parties' interests should diverge, we will be obligated take positions and actions that are in the Government's best interests, as opposed to those positions and actions that are in Midwest's best interests. Certainly we cannot fault Midwest's caution upon this issue.

Finally, RCFC 24(a)(2) requires that an application to intervene be "timely" made. Determining timeliness requires a balancing of various factors: (1) the length of time that the proposed intervenor knew or should have known of their rights; (2) whether prejudice to the existing parties outweighs the prejudice to the proposed intervenors; and (3) the "'existence of unusual circumstances militating either for or against a determination that the application is timely.'" Honeywell International v. United States, 71 Fed. Cl. 759, 762 (2006) (quoting Belton Indus. v. United States, 6 F.3d 756, 762 (Fed. Cir. 1993). Here, we have no reason to object to the intervention motion upon untimeliness grounds.

With respect to the first prong of the timeliness test, Midwest has not disclosed when it first knew of its rights. However, this case was not commenced until October 2005 and the Joint Preliminary Status Report was not filed until March 31,

2006. We do not believe, under these circumstances, that any delay in filing the motion to intervene was excessive.

With respect to the second prong, the Government is unaware of any prejudice if Midwest's motion to intervene is granted. Midwest is seeking to intervene as a defendant to assist the Government in the defense of Mr. Hicks's claim. Interv. Mot. 5. Although we do not believe Midwest's presence is necessary to assist the Government at this stage of the litigation, if Mr. Hicks's claim survives summary judgment and this case proceeds to trial, Midwest may be able to assist. Further, although the intervention motion potentially could cause some delay in these proceedings, the Court can minimize any such delay by limiting the time period for any further fact discovery.

With respect to the third prong, there do not appear to be unusual circumstances that weigh one way or the other regarding the issue of timeliness.

In the alternative, Midwest requests that this Court grant it leave to intervene as a matter of discretion pursuant to RCFC 26(b). Given the prior discussion, it would not be an abuse of discretion for this Court to grant Midwest such relief. We agree with Midwest's contention that it shares common defenses with the Government. With respect to Midwest's assertion that, because Mr. Hicks seeks third party discovery from Midwest, it would be efficient to permit intervention – an argument that Midwest also

makes in support of its request to intervene as of right – that argument presently is moot. Fact discovery closed on December 22, 2006. However, we understand that Mr. Hicks will be seeking additional time to conduct discovery. To the extent that the Court grants Mr. Hicks's request, intervention will make discovery more efficient.

**CONCLUSION**

For the foregoing reasons, we do not oppose Midwest's motion to intervene.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/Brian M. Simkin***

BRIAN M. SIMKIN
Assistant Director

***s/Richard P. Schroeder***

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

January 5, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 5th day of January 2007, a copy of the foregoing "**DEFENDANT'S RESPONSE TO MIDWEST TRANSPORT, INC.'S MOTION TO INTERVENE**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder