IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAL D. HICKS, f/d/b/a HAL D. HICKS MAIL TRANSPORTATION, | ) | |
| PLAINTIFF, | ) | |
| v. | ) | No. 05-1058C |
| THE UNITED STATES POSTAL SERVICE, | ) | |
| DEFENDANT. | ) | |

**PLAINTIFF HAL D. HICKS' RESPONSE TO MIDWEST TRANSPORT, INC.'S MOTION TO INTERVENE**

COMES NOW plaintiff, Hal D. Hicks ("Hicks"), by and through his undersigned counsel, pursuant to this Court's Order dated December 8, 2006, and for his Response to Midwest Transport, Inc.'s ("Midwest") Motion to Intervene, states as follows:

**BRIEF INTRODUCTION**

The subject matter of this case is HCR 14024. Hicks alleges that the contract at issue was a renewal of a contract that he has held with the United States Postal Service since as early as 1990. Hicks claims that the United States Postal Service breached the contract when it transferred or novated the contract out of Hicks' name into Midwest's name.

Midwest currently seeks intervention into this matter as a right pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims. Alternatively, Midwest asked that the Court exercise its discretion to allow Midwest to intervene. RCFC Rule 24(b).

**PROPOSED INTERVENTION**

Midwest alleges it is entitled to intervene as a matter of right pursuant to RCFC 24(a), which states as follows:

> "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately protected by the existing parties."

The requirements of intervention are to be construed in the favor of intervention. Am. Maritime Transp., Inc. v. United States, 870 F.2d 1559, 1561 (Fed. Cir. 1989) (citing Westlands Water District v. United States, 700 F.2d 561, 563 (9th Cir. 1983)). However, intervention is proper only to protect interests that are "of such direct and immediate character that the intervener will either gain or lose by the direct operation and effect of the judgment." Id. Based on Hicks' claims that the Government breached his contract by transferring or novating it to Midwest, a decision in Hicks' favor will have ramifications against Midwest. For instance, the government may be required to re-instate the contract to Hicks, which would in effect terminate Midwest's rights under the novated route, as the United States Postal Service's novation unilaterally changed the contractors name from Hicks (d/b/a Hal D. Hicks Mail Transportation) to Midwest Transport, Inc. Thus, Midwest's claims that it has an interest relating to the property or transaction that is the subject matter of this litigation appears to be well-grounded.

As to Midwest's claims that the present parties will not adequately protect Midwest's interests in the matter, Hicks denies said allegations. It is, undeniable, that the

June 2003 contract was renewed in Hicks' name. The two parties to that contract were Hicks and the United States Postal Service. Therefore, it is highly unlikely that Midwest is in any better position to protect the government's interests as to the specific allegations in the complaint that the government wrongfully transferred and/or novated the Hicks' contract into Midwest's name. The government clearly has sufficient resources to adequately defend this matter.

As to the timeliness of Midwest's Motion to Intervene, Hicks has no objection. There is nothing in the record to indicate that Midwest improperly delayed its filing of the Motion to Intervene. Hicks does, however, object to Midwest's request to intervene as a defendant to assist the government in the defense of Hicks' claim.

As stated above, Midwest has no right or any necessary need to assist the government in the defense of a claim rightfully brought against the government.

Midwest, in the alternative, requested this Court grant it leave to intervene as a matter of discretion pursuant to RCFC 26(b). Hicks does not believe it would be an abuse of discretion for this court to grant Midwest such relief. However, Hicks does object to Midwest's contention that it shares common defenses with the government. Midwest is not and could not be a defendant in this case as the contract at issue was initially between Hicks and the United States Postal Service – the Government. Nonetheless, it does appear that Midwest does have an interest in the outcome of this litigation.

**CONCLUSION**

For the foregoing reasons, Hicks does not object to Midwest's Motion to Intervene as long as they are treated as a typical intervener, rather than a defendant.

THEIL LAW FIRM, L.L.C

By:__/s/John F. Theil______________

John F. Theil #109820
120 S. Central Ave., Suite 1550
St. Louis, MO 63105
314-725-1725
314-725-5754 (fax)
Attorney for Plaintiff

**Certificate of Service**

The undersigned certifies that a copy of the foregoing was electronically filed, this 8th day of January, 2007, and served on the following counsel of record via electronic filing:

Richard P. Schroeder
U. S. Department of Justice
Civil Division – Commercial Lit. Branch
1100 L. Street, NW, 8th Floor
Washington, DC 20530
202-353-7961
202-353-7988 fax
richard.schroeder@usdoj.gov
Attorneys for Defendant

David P. Hendel
J. Michael Littlejohn
Akerman, Senterfitt, Wickwire, Gavin
8100 Boone Blvd., Suite 700
Vienna, VA 22182

and

John E. Hilton
Carmody MacDonald, P.C.
120 S. Central Ave., Suite 1800
St. Louis, MO 63105
*Attorneys for Intervenors*

/s/John F. Theil