IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAL D. HICKS, f/d/b/a HAL D. HICKS MAIL TRANSPORTATION, | ) | |
| PLAINTIFF, | ) | |
| v. | ) | No. 05-1058C |
| THE UNITED STATES POSTAL SERVICE, | ) | |
| DEFENDANT. | ) | |

**PLAINTIFF HAL D. HICKS' MOTION FOR ENLARGEMENT OF TIME**

COMES NOW Plaintiff, Hal D. Hicks, by and through his undersigned attorney, pursuant to RCFC Rule 6, Local Rule 3(a) and for his Motion for Enlargement of Time, states as follows:

1. Plaintiff has made a diligent effort to obtain documentation highly relevant for the successful prosecution of his claims.

2. In his efforts, plaintiff has served Requests for Production on the United States Postal Service and has found out that the older documents relating to plaintiff's contract subject to this litigation are no longer available.

3. Plaintiff has, however, retained these documents at his former business, Midwest Transit, Inc.

4. Midwest Transport, Inc. allegedly purchased the trucking assets of Midwest Transit, Inc. in December 2003.

5. The liquidating receiver of Midwest Transit, Inc., Don Hoagland, keeps all of the documents at the Midwest Transit, Inc. headquarters in Illinois, which are now the headquarters for Midwest Transport, Inc.

6. Once Midwest Transport, Inc. intervened, plaintiff attempted to gain access to these documents by serving Requests for Production on Midwest Transport, Inc.

7. Midwest Transport, Inc. objected to the Requests for Production stating that it did not have possession or control over the documents, although the documents are located at their headquarters.

8. This left plaintiff in a position where he was forced to attempt serving a subpoena on the Receiver for Midwest Transit, Inc. However, the Receiver is currently on an extended vacation in Arizona (outside the 100 mile limitation on the Court of Claims subpoena power).

9. Due to the positions taken by the parties herein, plaintiff is faced with prosecuting his claims at a sever disadvantage, which only benefits the defendants.

10. Without an extension of the current discovery cut off, plaintiff will be prejudiced throughout the proposed dispositive motion schedule and, further, the trial of this matter.

11. For all these reasons, plaintiff respectfully requests that this Court extend the discovery cutoff sixty (60) days from the date this Order is entered to accommodate the receiver's current location. As an alternative, plaintiff asks this Court to compel the interveners to allow plaintiff access to the documents for purposes of review and copying.

12. Plaintiff's requests are made in good faith and are not made in an attempt to delay these proceedings.

13. Further, plaintiff's request will serve the ends of justice in allowing plaintiff to present all of the relevant evidence before this Court.

WHEREFORE, plaintiff, Hal D. Hicks, prays this Court grant his Motion for Enlargement of Time or, in the alternative, compel the interveners to allow plaintiff access to the documents for purposes of review and copying.

THEIL LAW FIRM, L.L.C

By: /s/John F. Theil
John F. Theil #109820
120 S. Central Ave., Suite 1550
St. Louis, MO 63105
314-725-1725
314-725-5754 (fax)
Attorney for Plaintiff

**Certificate of Service**

The undersigned certifies that a copy of the foregoing was electronically filed, this 11th day of April, 2007, and served on the following counsel of record via electronic filing and U.S. mail:

Richard P. Schroeder
U. S. Department of Justice
Civil Division – Commercial Lit. Branch
1100 L. Street, NW, 8th Floor
Washington, DC 20530
202-353-7961
202-353-7988 fax
richard.schroeder@usdoj.gov
Attorneys for Defendant

David P. Hendel
J. Michael Littlejohn
Akerman, Senterfitt, Wickwire, Gavin
8100 Boone Blvd., Suite 700
Vienna, VA 22182

and

John E. Hilton
Carmody MacDonald, P.C.
120 S. Central Ave., Suite 1800
St. Louis, MO 63105
*Attorneys for Intervenors*

_/s/John F. Theil_____________