**FORM 6**
**SUBPOENA**

# United States Court of Federal Claims

Hal D. Hicks f/d/b/a Hal D. Hicks
Mail Transportation

vs

No. 05-1058C

*THE UNITED STATES*

**SUBPOENA**

To Donald Hoagland
303 E. Pine Street
Robinson, IL 62454

1 YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above-captioned case
*Place of Testimony:*
*Date and Time*

2 YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-captioned case.
*Place of Deposition:*
*Date and Time*

3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See List Attached
*Place* Crawford County Courthouse, Court Street, Robinson, IL 62454
*Date and Time* May 10, 2007 at 1:00 p.m.

4 YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below
*Premises*
*Date and Time*

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

Attorney for Plaintiff 4/26/07
ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

John F. Theil, Theil Law Firm, ~~LLC,~~ 120 S. Central Ave., #1550, St. Louis, MO 63105
ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER 314-725-1725

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law (28 U.S.C. §1821)

PROOF OF SERVICE

4/30/07 — DATE
323 E. PINE ST. ROBINSON, IL 62454 — PLACE

SERVED DONALD HOAGLAND

SERVED ON (PRINT NAME) DONALD HOAGLAND

MANNER OF SERVICE PERSONAL

X Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 4/30/07
DATE

Ronald Smith
SIGNATURE OF SERVER

1205 N. Fair St. Olney, IL 62450
ADDRESS OF SERVER

RCFC 45

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1. Produce a copy of Midwest Transit, Inc.'s 2001 to the present general ledgers in a searchable PDF/disc format.

2. Produce a copy of Midwest Transit, Inc.'s 2001 to the present income tax returns, with all work papers.

3. Produce a copy of Midwest Transits, Inc.'s 2001 to the present financial statements, (including all drafts and final versions).

4. Produce a copy of all of the 14024 Highway Mail Contracts and any renewal documents in MWT's possession and/or control from the route's inception to present.

5. Produce a copy of any and all documents, including but not limited to correspondence, e-mails, memos, postal forms or other documentation in Midwest Transit's possession and/or control that in any way relates to Highway Mail Contract 14024.

6. Provide a copy of any and all boxes, binders, files or folders in Midwest Transit, Inc.'s possession and/or control labeled or containing any information or documentation in any way relating to or regarding Highway Mail Contract 14024 from its inception to the present.

7. Produce a copy of each and every revenue check (front and back) issued by the United States Postal Service for Highway Mail Contract 14024 in Midwest Transit's possession or control that Midwest Transit cashed, deposited, or otherwise negotiated from inception to present.

8. Provide a copy of each and every corresponding deposit slip in Midwest Transit Inc.'s possession or control for each of the checks referenced in the previous interrogatory.

9. Produce a copy of each bank statement, cancelled checks (front and back), deposit slips, invoices, vouchers or any other documentation that reflects revenue from Highway Mail Contract 14024 in Midwest Transit, Inc.'s possession or control being deposited in any account from inception to present.

10. Produce a copy of all correspondence, (letters, e-mails, memos, notes, agreements, etc.) in Midwest Transit, Inc.'s possession or control between Midwest Transit and the United States Postal Service regarding Highway Mail Contract 14024 from its inception to the present.

11. Produce a copy of all correspondence (letters, e-mails, memos, notes, agreements, etc.) in Midwest Transit, Inc.'s possession or control between Midwest Transport and Midwest Transit, Inc. or its Receiver, Don Hoagland regarding Highway Mail Contract 14024.

12. Produce a copy of all correspondence (letters, e-mails, memos, notes, agreements, etc.) between Midwest Transit and C. Michael Witters regarding Highway Mail Contract 14024.

13. Produce a copy of all highway header documents or 1099's regarding Highway Mail Contract 14024 from its inception that are in Midwest Transit, Inc.'s possession or control.

14. Any and all records, including but not limited to, agreements, authorities, memoranda, e-mails, regulations, correspondence, consents, and any other document reflecting, relating to or concerning the authority of the Postal Service to send checks, wire transfers or any other means of remuneration naming Hal D. Hicks Main Transportation as the payee to Midwest Transit, Inc. and/or Midwest Transport, Inc. for mail route HCR 14024 from July 25, 2001 to the present.

15. Any and all records of Midwest Transit, Inc. reflecting, relating to, or concerning payments made to any employee or on behalf of any employee (including Workman's Compensation premiums) in connection with work performed by the employee in connection with United States Mail Route HCR 14024 for the period of January 1, 1989 through the present.

16. Any and all records of Midwest Transit, Inc. reflecting, relating to, or concerning fuel costs, truck maintenance, trailer maintenance, or any other operational expense paid by Midwest Transit, Inc. in connection with operation of United States Mail route HCR 14024 for the period of January 1, 1989 to the present.