IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAL D. HICKS, f/d/b/a HAL D. HICKS MAIL TRANSPORTATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1058C (Judge Allegra) |
| THE UNITED STATES | ) | |
| Defendant, | ) | |
| and | ) | |
| MIDWEST TRANSPORT, | ) | |
| Defendant-Intervenor. | ) | |

**PLAINTIFF'S RESPONSE TO INTERVENOR'S PROPOSED FINDINGS OF UNCONTROVERED FACTS**

COMES NOW Plaintiff, Hal D. Hicks (f/d/b/a Hal D. Hicks Mail Transportation), by and through his undersigned attorney, pursuant to RCFC(h)(2) and for his Response to Intervenor's Proposed Findings of Uncontroverted Facts, states as follows:

1. Plaintiff disagrees with the proposed findings in Paragraph 1. Plaintiff states there has been no finding that Contract 14024 was an "asset" of Midwest Transit. To the contrary, the S.D. of Illinois has found the Contract was indeed Plaintiff's.

2. Plaintiff disagrees with the proposed findings in Paragraph 2. Plaintiff states the subject novation was improper.

3. Plaintiff agrees that at all times prior to the alleged novation, the Buffalo route was held in the name of Hal D. Hicks Mail Transportation, Plaintiff d/b/a. Plaintiff disagrees with the remaining findings in Paragraph 3, as it is unfounded and untrue.

4. Plaintiff agrees with the proposed findings in Paragraph 4.

5. – 23. Plaintiff disagrees with the proposed findings in Paragraphs 5 through 23. Plaintiff states that Intervenor's characterization of the docket in 00-L-2 is taken out of context. The record in that case speaks for itself, including Orders, Transcripts and Findings. Further, these proposed findings are irrelevant to the case at bar.

Further, Plaintiff states that the letter of intent proposed the purchase of the trucking assets only. Those assets included Midwest Transit's trucking assets, not plaintiff's trucking assets, which consisted of 439 trailers and 68 tractors. Further, Midwest Transit did not have any contract rights to the Buffalo route, as it was owned by plaintiff. The Contract was between plaintiff and the USPS. Midwest Transit can not sell a mail contract, it can only seek the USPS's approval of a novation pursuant to the Purchasing Manual. Midwest Transit can only transfer and the USPS can only approve the transfer of a right that Midwest Transit had in a postal contract. Midwest Transit had no contractual right to Contract 14024. Contract 14024 was a permanent contract that was awarded to plaintiff at the route's inception and continuously renewed in plaintiff's name every 4 years up through the alleged novation. The back-dated sale of Midwest Transit's trucking assets and the Amendment to the Purchase Agreement were not approved by the court administering the receivership.

24. Plaintiff disagrees with the proposed findings in Paragraph 25. Plaintiff states that the Amendment to the Purchase Agreement was a substantive change that was not court approved. The Novation Agreement speaks for itself. Finally, the alleged novation did not and could not transfer Contract 14024 from Midwest Transit to Midwest Transport. After the alleged novation, Contract 14024 still remained in plaintiff's name and revenue checks were still being issued in his name and fraudulently being negotiated

by Midwest Transport. Further, plaintiff was not a party to any novation of Contract 14024.

25. Plaintiff agrees that the USPS novated contracts held by Midwest Transit, Inc. to Midwest Transport, Inc. Plaintiff disagrees with the remaining findings in Paragraph 25, as Contract 14024 was not held in the name of Midwest Transit, Inc.

26. Plaintiff disagrees with the proposed findings in Paragraph 26. Plaintiff states the Contract Route Service Order dated, February 24, 2004, speaks for itself.

27. Plaintiff disagrees with the proposed findings in Paragraph 27. Plaintiff was a successful postal contractor for over 25 years. Plaintiff's contracting eligibility as of 2006 bares no relevance to the claims at issue in this case, which deal with an improper novation in the year 2003/2004.

THEIL LAW FIRM, L.L.C.

By: _/s/John F. Theil__________

John F. Theil
120 S. Central, Suite 1550
St. Louis, MO 63105
314-725-1725
314-725-5754 (Fax)
johntheil@johntheil.com

*Attorney for Plaintiff*

**Certificate of Service**

The undersigned certifies that a copy of the foregoing was electronically filed this 5th day of December 2007, and served on the following counsel of record via electronic filing:

Michael D. Austin, Trial Attorney
U. S. Department of Justice
Civil Division – Commercial Lit. Branch
1100 L. Street, NW
Washington, DC 20530
Attn: Classification Unit, 8th Floor
michael.austin@usdoj.gov
*Attorneys for Defendant*

David Paul Hendel
Wickwire Gavin, P.C.
8100 Boone Boulevard, Suite 700
Vienna, VA 22182-2642
david.hendel@akerman.com
*Attorneys for Defendant-Intervenor*

_/s/John F. Theil_____________________