**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **HAL D. HICKS, f/d/b/a HAL D. HICKS MAIL TRANSPORTATION,** | **Fed. Cl. No. 05-1058C** |
| **Plaintiff** | **(Judge Allegra)** |
| **v.** | |
| **UNITED STATES,** | |
| **Defendant** | |
| **v.** | |
| **MIDWEST TRANSPORT, INC.** | |
| **Defendant-Intervenor.** | |

**DEFENDANT-INTERVENOR MIDWEST TRANSPORT INC.'S REPLY TO PLAINTIFF'S RESPONSE TO INTERVENOR'S MOTION FOR SUMMARY JUDGMENT**

This replies to Plaintiff Hal D. Hicks's ("Hicks") Response to Defendant-Intervenor's Motion for Summary Judgment in which Hicks failed to provide any factual or legal basis to avoid summary judgment. As shown in Plaintiff's response, Hicks seeks the chance in this Court to undo the decisions and actions that were properly taken in the Illinois state courts. In those courts, Hicks had the opportunity to object to the appointment of the receiver and the sale of Midwest Transit ("Transit") assets—which included Highway Contract Route No. 14024 ("Contract 14024" or "the Buffalo Route"). Hicks exhausted all of those challenges without prevailing in the Illinois state court. Thus, Hicks should not be allowed to collaterally attack the sale of assets and novation here at the Court of Federal Claims. For the reasons set forth in our

motion and herein, we respectfully request that the court grant summary judgment for Defendants and dismiss the complaint with prejudice.

Contrary to Hicks's attempts to blur the facts, the novation of Contract 14024 was proper and effective. The Novation Agreement was executed pursuant to Postal Service regulations. It recognized the transfer of all the assets needed to perform the Postal Service contracts, specifically including Contract 14024, from Transit to Midwest Transport ("Transport"). Appendix to Transport's Summary Judgment Memorandum ("App.") 0012, 0133–34. The Novation Agreement was signed by authorized individuals pursuant to authority granted by the Illinois Circuit Court. Accordingly, the novation was effective, legal, and valid.

Hicks's basic premise that his approval was needed in order to authorize the novation of the Buffalo Route is mistaken. As we noted in our motion for summary judgment, Hicks's interest in the Buffalo Route ended when the Illinois Circuit Court appointed a receiver for Transit in July 2001. All transactions after that time were court-driven and approved.

Moreover, Hicks attempts to turn evidence of the valid and effective novation agreement into a challenge of the agreement. For instance, Hicks tries to make issue of the fact that the Postal Service relied on a "letter from an attorney from Illinois" to support the sale. Pl.'s Opposition ("Opp.") at 8. Plaintiff glosses over the fact that the "attorney from Illinois" was the receiver's attorney—Terry Sharp. And, Hicks fails to recognize that the October 2, 2003 letter (App. 0125–26) from Sharp to the Postal Service had significance. The letter provided the Postal Service with a legal opinion that Transit had legally and effectively sold all of its assets to perform the Postal Service contracts to Transport. This is the very type of opinion letter from the transferor usually required by the FAR as evidence that the transfer was "properly effectuated." See FAR 42.1204(f)(5). While the Postal Service does not follow the FAR and did not need this

letter under its own regulations, the letter shows that the Postal Service had adequate, reliable information to approve the transfer.

Plaintiff also attempts to take issue with whether the Postal Service reviewed or acknowledged the First Amendment to the Definitive Asset Purchase Agreement ("DAPA"). Specifically, Hicks suggests that the First Amendment to the DAPA was materially different than the originally anticipated DAPA. In actuality, this claim is simply untrue—and potentially misleading. The only significant difference in the DAPA and the First Amendment is the fact that Midwest Transportation Services, Inc. was removed as a buyer. Hicks fails to point out that the Letter of Intent reviewed and approved by the Court specifically contemplated that the "names and structures of the entities comprising Buyer may change prior to Closing." App. 0043. Thus, Hicks fails to raise any issue of material fact that would preclude summary judgment.

Hicks also tries to make an issue of which entity operated the Buffalo Route when there can be no such factual dispute. The Illinois Circuit Court definitively determined that the Buffalo Route was operated using the assets, employees, and financial backing of Transit—not Mr. Hicks. Specifically, it found:

> The Buffalo route was a mail route operated by [Transit]. [Transit] pays for all fuel and other operating costs. [Transit] employees operate the route and handle all the paperwork for the route. [Transit] financial statements show a line item for revenue for the Buffalo route. . . . Hicks acknowledges that several [Transit] trucks are used to operate the Buffalo route, but he argues that [Transit] uses 68 of his trucks but pays nothing.

Witters v. Hicks, 780 N.E.2d 713, 720 (Ill. App. Ct. 2002) ("Hicks I"). These findings are directly contrary to Hicks's accusations in the present case. As such, this Court should ignore his attempts to create an issue of fact where there is no basis for one.

Plaintiff also misleads this Court regarding the Illinois court's approval of the sale of assets. The transaction was conducted in accordance with the court's orders and applicable law. The receiver was properly appointed and had the authority to sell the assets. Indeed, Plaintiff challenged the Illinois court's appointment of a receiver and lost. See generally Hicks I, 780 N.E.2d 713 (finding, on appeal, that "the evidence overwhelmingly supports the trial court's . . . appointment of a receiver" and that "it would have been an abuse of discretion" to decide otherwise). Hicks also challenged the court's grant of authority to the receiver to enter the Letter of Intent—and lost. See App. 0102, 0103–04, 0109. But, Hicks never challenged the sale of the assets after it occurred. Under Illinois law, a sale of property conducted as part of a judicial proceeding must be treated as final and binding if a party does not successfully obtain a stay to prevent the sale. Steinbrecher v. Steinbrecher, 759 N.E.2d 509, 518 (Ill. 2001). Thus, Plaintiff's allegation that the court had to approve the sale after-the-fact before it could be considered effective is incorrect. The court granted authority to the receiver to make the sale. App. 0056. If he believed it was improper, Hicks had the burden of challenging the sale and obtaining a stay.

The United States District Court for the Southern District of Illinois raised this issue of proper forum with respect to ownership of the Buffalo Route contract, opining that "[i]f the Buffalo route was Hicks's personal property, perhaps Illinois law required him to make a claim with the circuit court on pain of losing the claim forever." Hicks v. Midwest Transport, Inc., No. 2004-CV-4263, 2005 WL 1267463, *4 (S.D. Ill. May 16, 2005). On this point, the district court presumed correctly—Hicks needed to appeal the sale of the Buffalo Route as part of the asset sale or his claim would be lost forever. Hicks never returned to the Illinois court for an answer to that question, and he has thus lost that claim forever.

Hicks is also incorrect in suggesting that Transport has ignored the district court's decision in Hicks v. Midwest Transport, Inc., No. 2004-CV-4263, 2005 WL 1267463 (S.D. Ill. May 16, 2005). We addressed that decision in footnote 3 of our initial brief and noted that the district court decision not to stay or dismiss Hicks's complaint was based on a limited record and under legal theories that are not being presented here. Moreover, the district court suggested that Transit could seek summary judgment at a later date, which is what Transport is doing now. The district court did not have certain evidence before it that this Court has and may rely upon. Accordingly, this Court is not bound by the district court's refusal to stay or dismiss the complaint then before it and can make its own determination based upon the record before it.

Finally, the Court of Federal Claims should note that Hicks has failed to contest any of Transport's proposed findings of fact in accordance with Rule 56(e) or 56(h)(2). In its response to Transport's proposed findings of uncontroverted fact, Hicks provided only vague, general objections to the findings proposed by Transport. He attempts to sway the Court with unsupported allegations, but this approach cannot defeat the motion for summary judgment. For example, Hicks claims that he owned a "permanent contract" with the Postal Service, but a "contract for life" is legally impossible and factually unsupportable. Likewise, his general assertion that Transport took the docket of the Illinois state court action "out of context" does not meet his obligations to refute those facts. Indeed, Hicks has nothing of substance to offer to the contrary. Ultimately, his failure to address each fact appropriately permits this Court to adopt Transport's proposed findings of fact in their entirety and grant summary judgment in favor of Defendants.

## CONCLUSION

As set forth above and in our motion for summary judgment, Plaintiff has provided no

persuasive evidence or arguments to invalidate the novation of Contract 14024 to Transport. Plaintiff had the opportunity to challenge the Illinois court's decision appointing the receiver and authorizing the sale. He did so, but was defeated at every turn. This Court is not required to indulge his continued collateral attacks on the sale and novation. In short, Hicks has not provided the Court with a valid basis upon which to deny Transport's motion. Hicks has no valid claim with respect to ownership of the Buffalo Route contract, and the Illinois court's approval of the sale of Transit assets—including the Buffalo Route—is final and binding.

For the reasons set forth herein, this Court should grant summary judgment in favor of the Defendants.

January 11, 2008

Respectfully Submitted,

s/David P. Hendel

David P. Hendel
AKERMAN SENTERFITT WICKWIRE GAVIN
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
Phone: (703) 790-8750
Fax: (703) 448-1801

*Of Counsel:*
J. Michael Littlejohn
Sarah M. Graves
AKERMAN SENTERFITT WICKWIRE GAVIN
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
Phone: (703) 790-8750
Fax: (703) 448-1801

John E. Hilton
CARMODY MACDONALD, P.C.
120 S. Central Ave, Suite 1800
St. Louis, MO 63105
Phone: (314) 854-8600
Fax: (314) 854-8660