IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HAL D. HICKS, f/d/b/a HAL D. HICKS MAIL TRANSPORTATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant.<br><br>and<br><br>MIDWEST TRANSPORT, INC.<br><br>Defendant-Intervenor | No. 05-1058C<br>(Judge Allegra) |

DEFENDANT'S RESPONSE TO THE COURT'S ORDER

On May 20, 2008, this Court ordered us to provide a brief statement indicating our position upon the defendant-intervenor's (Midwest) motion for summary judgement that was filed on October 26, 2007. Our response follows.

Briefly, the essence of plaintiff's complaint in this case is that the United States Postal Service wrongfully novated the "Buffalo Route" from his company to that of Midwest. The issue as framed in Midwest's motion is whether the novation of the "Buffalo Route" was proper. In its motion, Midwest sets forth several state court opinions which support an inference that the novation was both judicially mandated and sanctioned. We agree that drawing the inference would lead to the inevitable conclusion that the actions of the Postal Service were consistent with the state court mandate. As such, plaintiff's complaint

would fail as a matter of law. Such inference drawing, however, may be inappropriate in a summary judgment motion.

Based upon plaintiff's brief in opposition, plaintiff believes that the state court opinions do not support Midwest's position. The record complied to date does not contain enough information to disprove either party's contention. Discovery has closed in this case. If this Court were to deny Midwest's motion we believe that discovery should be reopened. The discovery which had been conducted focused almost exclusively upon the actions of plaintiff's president. While there have been document exchanges, there have been no depositions taken of anyone from Midwest Transit, Midwest Transport, or the Postal Service. Thus, we believe that discovery should be reopened prior to ruling upon the motion. This additional discovery would include, among other things, 30(b)(6) depositions of plaintiff, Midwest Transit, and Midwest Transport. Following the close of the additional discovery the record should be complete. We will either join Midwest's motion for summary judgement or demonstrate why we believe that this matter is best resolved through trial.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/BRIAN M. SIMKIN
BRIAN M. SIMKIN

Assistant Director

S/MICHAEL D. AUSTIN
MICHAEL D. AUSTIN
Attorney
Commercial Litigation Branch
Department of Justice
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0321
(202) 305-7644 (fax)

Attorneys for Defendant

May 22, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO THE COURT'S ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael D. Austin