# In The United States Court of Federal Claims

No. 05-1058C

(Filed: November 21, 2008)

_____

HAL D. HICKS, f/d/b/a HAL D. HICKS
MAIL TRANSPORTATION,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant,

And

MIDWEST TRANSPORT, INC.,

        Defendant-Intervenor.

_____

**ORDER**

_____

      On November 21, 2008, the court conducted a pre-trial conference in this case. Participating in this conference were Mr. John F. Theil, for plaintiff; Mr. Michael D. Austin, for defendant; and Mr. J. Michael Littlejohn, for defendant-intervenor. For the reasons discussed at this conference, the court hereby orders the following:

    1.    Trial will commence at 10:00 a.m. (CST) on Monday, December 15, 2008, at the U.S. District Court for the Eastern District of Missouri, Thomas F. Eagleton Courthouse, 111 South 10th Street, St. Louis, Missouri, 63102. Each subsequent day of trial will begin at 9:30 a.m. (CST), unless otherwise ordered.

    2.    On or before December 8, 2008, the parties shall file a joint stipulation of undisputed facts. The court expects that stipulation to be as extensive as possible. Failure to file a sufficiently comprehensive stipulation will result in an order requiring the parties to refile a revised stipulation that comports with the court's expectations.

3.     Regarding time allotments:

    a.     The parties shall each have twenty minutes for opening statements. Plaintiff will go first, then defendant, then defendant-intervenor.

    b.     Plaintiff's evidentiary presentation shall be limited to fourteen hours, exclusive of cross-examination. Defendant and defendant-intervenor's respective evidentiary presentations shall be limited to fourteen hours, exclusive of cross-examination, with ten hours for defendant, and four hours for defendant-intervenor. Defendant and defendant-intervenor may agree to reallocate their allotted time.

4.     Regarding exhibits:

    a.     At the outset of trial, it is the court's intent to admit *en masse* any exhibits to which there are no objections. At that time, the court will rule on any objections to exhibits that do not require live testimony. Objections to exhibits that require live testimony will be considered at the appropriate time. The parties shall consult with each other to avoid introducing duplicate exhibits.

    b.     At the beginning of trial, the parties shall supply <u>six</u> pre-marked copies of the exhibits they intend to offer in this case, including joint exhibits. The exhibits shall be in binders, with tabbed dividers between each individual exhibit. Colored exhibit stickers shall be affixed only to the original copy of the exhibits (which will be provided to the reporter). Defendant shall use blue stickers; plaintiff shall use white stickers; defendant-intervenor shall use any color other than blue or white. The parties shall ensure that the pagination of individual exhibits is easily identifiable and that boxes suitable for mailing two copies of their exhibits are available at the trial location.

5.     Regarding witnesses:

    a.     The parties shall coordinate regarding the order of witness presentations, particularly in the calling of common witnesses.

    b.     Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

      c.      Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

      d.      Plaintiff's witnesses shall first be questioned by plaintiff, then defendant, then defendant-intervenor, if necessary.

      e.      Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (e.g., stipulated matters).

6. The court may require post-trial briefing in this case. The schedule for such briefing will be established at the conclusion of trial.

7. Closing argument will be held following the conclusion of any post-trial briefing, on a date to be established.

8. Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

                                                    s/ Francis M. Allegra
                                                    Francis M. Allegra
                                                    Judge