# In The United States Court of Federal Claims

No. 05-1058C

(Filed: February 3, 2009)

_____

| | |
|---|---|
| HAL D. HICKS, f/d/b/a HAL D. HICKS MAIL TRANSPORTATION, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> And <br><br> MIDWEST TRANSPORT, INC., <br><br> Defendant-Intervenor. | Request to allow rebuttal testimony from witnesses not listed on pretrial witness lists; Paragraph 15(a), Appendix A to RCFC; Meaning of "exclusively for impeachment;" Exclusion of witnesses – RCFC 16(f); Request denied. |

_____

**ORDER**
_____

*John F. Theil,* Theil Law Firm, LLC., St. Louis, MO, for plaintiff.

*Michael D. Austin*, United States Department of Justice, Washington, D.C., with whom was *Assistant Attorney General Gregory G. Katsas*, for defendant.

*Jerry M. Littlejohn*, Akerman Senterfitt, Vienna, VA, for defendant-intervenor.

**ALLEGRA, Judge:**

Trial in this matter commenced in St. Louis, Missouri, on December 15, 2008, and continued in Washington, D.C., on January 23, 2009. Near the end of the proceedings, Hal D. Hicks (plaintiff) expressed a desire to call two rebuttal witnesses who were not listed on his pretrial witness list. On January 16, 2009, the court ordered plaintiff to file a memorandum explaining why such witnesses should be permitted to testify and, in particular, addressing whether such witnesses would be used "exclusively for impeachment" within the meaning of

paragraph 15(a) of Appendix A to the RCFC.  On January 28, 2009, plaintiff filed the ordered memorandum explaining the reasoning behind his request.

      Paragraph 15(a) of Appendix A to the RCFC indicates that, in advance of trial, each party shall file a statement setting forth the list of witnesses to be called at trial for "case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment."  Neither the rule itself nor the accompanying advisory committee notes define what is meant by the phrase "exclusively for impeachment."  Nonetheless, the quoted exception would appear to have the same meaning as the phrase "solely for impeachment," as used in several provisions that exempt certain evidence from disclosure under this court's discovery rules.  *See*, *e.g.*, RCFC 26(a)(1)(A)(i).  As used in the corresponding Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26(a)(1)(A)(i), evidence used "solely for impeachment" is to be distinguished from substantive evidence employed to "'establish the truth of a matter to be determined by the trier of fact.'"  *Klonoski v. Mahlab*, 156 F.3d 255, 269-70 (1st Cir. 1998), *cert. denied*, 526 U.S. 1039 (1999) (quoting *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993)); *see also Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1352-53 (11th Cir. 2004); *Denty v. CSX Transp.*, 168 F.R.D. 549, 550 (E.D. N.C. 1996).  Because the discovery exceptions apply only if the evidence is "solely" for impeachment, evidence that serves both impeachment and substantive purposes falls outside these exceptions.  *See Elion v. Jackson*, 544 F. Supp. 2d 1, 6 (D.D.C. 2008); *Klonoski*, 256 F.3d at 270; *Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154, 157-59 (N.D. Iowa 1994).[1]  It follows, *a fortiori*, that witnesses providing such dual-purpose evidence also fall outside the exception to the witness-list requirement in paragraph 15(a) of Appendix A.

      In the case *sub judice*, plaintiff seeks to produce two witnesses who will testify that the novation of the postal service contract in question was not authorized by a state court order.  While plaintiff intimates that such testimony will be used "exclusively for impeachment," there

---

[1] Various courts and commentators have observed that any testimony that contradicts prior testimony serves to impeach the prior witness.  That, however, is insufficient to invoke the limited exception to the discovery provisions.  As stated by one commentator –

> If a party plans to testify to one version of the facts, and the opponent has evidence supporting a different version of the facts, the opponent's evidence will tend to impeach the party by contradiction, but if discovery of this kind of evidence is not permitted the discovery rules might as well be repealed.  Even those who have been most concerned above protecting impeachment material recognize that substantive evidence must be subject to discovery even though it also tends to contradict evidence of the discovering party.

8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure §2015 (2008) (hereinafter "Federal Practice and Procedure"); *see also Klonoski*, 156 F.3d at 270; *Elion*, 544 F. Supp. 2d. at 7.

is little doubt that such testimony primarily bears on a substantive issue in the case, *to wit*, whether the state court authorized the novation in question.  As such, the witnesses in question clearly do not fall within the "exclusively for impeachment" exception in paragraph 15(a).  Moreover, every indication is that plaintiff knew that the issue of state court authorization could arise at trial – plaintiff neither contends otherwise nor, in good faith, could he do so.  As such, plaintiff should have included the two witnesses in question on his witness list if he had any intention of calling them either in his case-in-chief or his rebuttal case.  Under these circumstances, his failure to comply with paragraph 15(a) of Appendix A obliges the court to preclude the two witnesses in question from testifying.  *See* RCFC 16(f) (authorizing this result); *Speck v. United States*, 28 Fed. Cl. 254, 295 (1993) (excluding transcripts of testimony from another proceeding by expert witnesses not listed in plaintiff's witness list); 6A Federal Practice and Procedure, *supra* at § 1527 (citing additional cases); *see also Sellers v. Mineta*, 350 F.3d 706, 711 (8th Cir. 2003) ("The power of the trial court to exclude . . . witnesses not disclosed in compliance with its . . . pretrial orders is essential to the judge's control over the case."); *Pacific Gas & Elec. Co. v. United States*, 82 Fed. Cl. 474, 479 (2008) ("The ability to schedule and control pretrial proceedings would mean very little if the court did not have the power to enforce its orders").[2]

      Based on the foregoing, plaintiff's request to call the two rebuttal witnesses in question is hereby **DENIED**.  Following the receipt of the transcript of the proceedings conducted on January 23, 2009, the court will issue an order closing proof and, in a separate order, will set a schedule for post-trial briefing.

      **IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[2] At the November 21, 2008, pretrial conference, the court reviewed the witness lists and made clear to the parties that the resultant pretrial order, which was predicated upon those lists, was "in concrete."  While RCFC 16(e) indicates that the court may modify a pretrial order to avoid "manifest injustice," such is certainly not the case here.  Indeed, in a filing received today, defendant confirmed that plaintiff never revealed the two individuals in question as potential witnesses in any of its discovery responses and, as a result, that those individuals were not deposed by defendant.